UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID LAY,

      Petitioner,

                                        Case No. 1:17-cv-913

v.

                                        HON. JANET T. NEFF

WILLIE O. SMITH,

      Respondent.

_____/

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as barred by the statute of limitations.  The matter is presently before the Court on Petitioner's objections (ECF No. 4) to the Report and Recommendation (ECF No. 3).  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner first asserts he "was unaware of any avenue for relief, until an inmate legal writer noticed this issue" (ECF No. 4 at PageID.58-9).  Petitioner's apparent argument is that this recent discovery revives the one-year statute of limitations pursuant to § 2244(d)(1)(D).  This argument is without merit.  Petitioner fails to present any facts that support a finding that subsection (D) applies.  Further, Petitioner fails to offer any grounds or support to show that subsection (A) does

not apply. Petitioner therefore reveals no error in the Magistrate Judge's conclusion that the limitations period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and that Petitioner had one year from October 27, 2004 in which to file his habeas corpus application (R&R, ECF No. 3 at PageID 53).

Petitioner also argues that "it would be a miscarriage of justice to allow a conviction to stand where there is such a constitutional claim" (ECF No. 4 at PageID.59, citing *Murray v. Carrier*, 477 U.S. 478 (1986)). Petitioner has not cited to any portion of *Murray* that advances his objections. To the extent Petitioner refers to the miscarriage-of-justice exception to the statute of limitations, the Magistrate Judge previously addressed such an argument in the Report and Recommendation (ECF No. 3 at PageID.55), and Petitioner has not proffered any new claims or evidence in support of the exception.

Finally, Petitioner argues that the limitations issue was improperly raised sua sponte by the Magistrate Judge and "should have been an argument brought by the Attorney General" (ECF No. 4 at PageID.59). However, the Magistrate Judge is obligated to conduct a preliminary review of § 2254 petitions to determine if "it plainly appears form the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." RULES GOVERNING § 2254 CASES, Rule 4. *See also Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that district courts may consider, sua sponte, the timeliness of a habeas action).

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 4) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 3) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:   October 10, 2018                              /s/ Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge